521 So.2d 132 (1988)
SUNLAND CENTER AT MIAMI and the Kemper Group, Appellants,
v.
Alice RUDOLPH and the Division of Workers' Compensation, Appellees.
No. BS-476.
District Court of Appeal of Florida, First District.
January 12, 1988.
Rehearing Denied March 23, 1988.
*133 Robert H. Gregory, Miami, for appellants.
Stuart F. Suskin of Abrams & Suskin, North Miami Beach, for appellees.
WENTWORTH, Judge.
Appellants, the employer/carrier, seek review of a workers' compensation order by which they were ordered to pay permanent total and temporary total disability benefits and medical bills, and to provide continuing psychiatric care. They raise several issues on appeal: 1) whether the deputy commissioner erred in placing appellee's deposition in evidence over appellants' objections, when appellee was present; 2) whether the deputy commissioner erred in modifying a prior order to find that appellee is permanently totally disabled; 3) whether the deputy commissioner erred in ordering payment of medical bills not authorized, identified or causally related to the accident; and 4) whether the deputy commissioner erred in failing to apportion benefits where appellee had a previous permanent partial impairment. We find that the deputy commissioner's findings can be fully substantiated by appellee's live testimony, and that admission of her deposition was therefore not prejudicial to appellants, competent, substantial medical evidence supports a finding that appellee is permanently totally disabled, the payment of medical bills was properly ordered, and apportionment was not required as no evidence was produced showing that appellee's preexisting impairment was disabling at the time of her subsequent accident or at the time of the award. We therefore affirm the order.
Appellee, a 63-year-old lab technician, resigned from her job in August 1985 after working 18 years for the employer. She had suffered compensable injuries in 1975 and 1976 when she fell, injuring her low back, and when she was attacked and strangled by a patient, injuring her shoulders and neck. A 1983 final order determined that appellee reached maximum medical improvement for these injuries on May 27, 1981, with a 20 percent permanent partial psychiatric impairment to the body as a whole, and a permanent partial orthopedic impairment of 7.5 percent to the body as a whole. Appellee sought modification of the order in August 1985, alleging a change of physical and/or economic condition resulting in permanent total disability. She also submitted a claim for temporary total disability benefits for five emergency hospitalizations due to severe depression. Appellants defended on the ground that appellee had not suffered a change of condition, psychiatric care was not authorized, and hospital and medical bills were not payable under section 440.13, Florida Statutes.
At the hearing on her claim, appellee's 1985 deposition was admitted into evidence over appellants' objections. Appellee also testified live. Appellee presented five psychiatrists, whose opinions, although varying, generally attested to her extreme anxiety and depression following her 1976 strangulation. Salient portions of that testimony included the opinions of Dr. Borges, *134 who stated that appellee's emergency hospitalizations were reasonable and necessary and that she should not return to her job because of her fears; Dr. Berken, who felt appellee's suicide attempt was causally related to her strangulation; Dr. Castiello, who stated that appellee is 100 percent disabled because of her psychiatric condition; and Dr. Stillman, who causally related appellee's psychiatric condition to her strangulation, found her to have a 60 percent psychiatric impairment to the body as a whole, and advised her not to look for work. The deputy commissioner found that appellee had demonstrated a significant change of condition, and that the order of February 7, 1983, should be modified to reflect a deterioration in her psychiatric condition and impairment as a result of her 1976 strangulation. He assigned appellee a permanent psychiatric impairment of 60 percent of the body as a whole, per the opinion of Dr. Stillman, and adopted the 7.5 percent permanent orthopedic impairment rating determined in the 1983 order. He found that that she was permanently totally disabled as a result of her psychiatric condition as of August 20, 1985, when she resigned from her job, and that her economic condition had changed because she no longer was able to work. He found that appellee was temporarily totally disabled during her periods of hospitalization, and that she is in need of immediate psychiatric care. He found that appellee had not sought prior authorization of Dr. Stillman, and denied payment of his bills. Based on these findings, the deputy commissioner awarded appellee permanent total and temporary total disability benefits, payment of medical bills and continuing psychiatric care.
Appellants contend that appellee's deposition was admitted into evidence in error. Our review of appellee's live testimony indicates that all findings of fact in the final order can be substantiated by that testimony. We find that the admission of the deposition under these circumstances was not prejudicial to appellants.
Abundant competent, substantial medical evidence, noted above, supports the deputy commissioner's finding that appellee's psychiatric condition deteriorated since the 1983 order to the point that she is unable uninterruptedly to perform even light work or to look for work, and that her psychiatric condition is causally related to her 1976 strangulation. We therefore find that modification of the order was proper to find that appellee is permanently totally disabled.
The record shows that appellee's attorney apprised appellants of appellee's five emergency hospitalizations, and sent bills relating to those hospitalizations to them for payment. Medical evidence established that the hospitalizations were causally related to appellee's strangulation. Because appellants had notice of the hospitalizations and bills, they were not prejudiced by appellee's late filing of the bills. We therefore find the deputy commissioner properly ordered payment of the bills.
Permanent total disability benefits are subject to apportionment if the prior condition was disabling at the time of the accident and continued to be so at the time the award was made. Escambia County Council on Aging v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA 1986). Prior orders introduced at the hearing showed that appellee suffered injuries to her neck as a result of industrial accidents in 1965 and 1966. However, appellants presented no medical evidence showing that appellee's orthopedic impairment from the 1965 and 1966 accidents affected her ability to work at the time of her 1976 accident, or at the time the award was made. The award of permanent total disability benefits was therefore not subject to apportionment.
The order is affirmed.
NIMMONS and ZEHMER, JJ., concur.